UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INFINITY FULFILLMENT GROUP, LLC, <br> GFA DECORATIVE TRADE SERVICES, INC., <br> and STEPHEN C. HANNIGAN, <br><br> Movants, <br><br> v. <br><br> CENVEO CORPORATION and <br> MICHAEL R. DENNY, <br><br> Respondents. | Case No. 4:14CV966 SNLJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on movants' motion to remand. The motion has been fully briefed and this matter is ripe for disposition. For the following reasons, the Court concludes that federal diversity jurisdiction does exist, and movants' motion to remand will be denied.

**I.  Background**

The parties participated in arbitration that was initiated on August 31, 2012 regarding a contract dispute. On January 6, 2014, the arbitrators issued their Award of Arbitrators. On April 7, 2014, movants filed their Motion to Modify or, in the Alternative, Vacate the Arbitration Award pursuant to section 435.425 RSMo. in the Circuit Court of St. Louis County. Following service of the motion, respondents timely filed their Notice of Removal in this Court on May 23, 2014, based on diversity jurisdiction. Movants filed a motion to remand requesting that this Court remand this

matter to the Circuit Court of St. Louis County pursuant to 28 U.S.C. § 1447(c) alleging a lack of diversity jurisdiction.

Movants are Missouri citizens. Infinity Fulfillment Group, LLC is a limited liability company whose sole member is GFA Decorative Trade Services, Inc., a Missouri corporation with its principal place of business in Missouri. Stephen Hannigan is domiciled in Missouri. Respondent Cenveo Corporation is a Delaware corporation with its principal place of business in Connecticut. Respondent Michael Denny was domiciled in Missouri during the arbitration proceedings but at the time this action was filed he was domiciled in Florida. Denny retired and moved to Florida in January 2014.

## II.   Legal Standard – Jurisdiction, Removal, and Remand

The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). 28 U.S.C. § 1332(a)(1) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." "In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "[T]he rationale for this time-of-filing rule is to prevent defendants from manipulating jurisdiction by changing their citizenship after the plaintiff has filed its suit in state court." *Id.* "[I]n a case where there are plural plaintiffs and plural defendants a federal

2

court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403-04 (8th Cir. 1977).

28 U.S.C. § 1441 and § 1446 govern removal of a state court action to federal court. Pursuant to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "[A]ll doubts about federal jurisdiction [are resolved] in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997).

## III. Discussion

The disputed issues in this case include the proper time to determine whether diversity jurisdiction exists, and the citizenship of Denny at that time. Movants argue that Denny's citizenship should be examined as of the filing of the arbitration action and therefore, there cannot be diversity jurisdiction because he was a Missouri citizen at that time. Movants characterize the arbitration proceeding and the motion to modify or vacate as continuing litigation and refer to the motion as an appeal from arbitration. Movants

3

complain that respondents cannot create diversity jurisdiction "mid-litigation" by a change in Denny's domicile after the arbitration proceeding commenced but before the filing of the motion to modify or vacate.

Respondents contend that Denny's citizenship should be examined at the time of filing the motion to modify or vacate in state court and the time of filing the notice of removal, at which times Denny was a Florida citizen. Respondents argue that arbitration is not a civil action and the motion to modify or vacate is not an appeal from the arbitration. Instead, they maintain that the motion to modify or vacate is the civil action, there was complete diversity among the parties at the time of the filing of the civil action in state court and the removal in this Court and, therefore, jurisdiction is proper in this Court.

Because this is a removed action based on diversity jurisdiction, diversity of citizenship is required at two points – when the state court action is filed and when the notice of removal is filed in this Court. *Knudson*, 634 F.3d at 975. Here, the first filing in a court of law was the filing of the motion to modify or vacate pursuant to section 435.425 RSMo. in state court. The filing of the motion is the commencement of this civil action. Federal Rule of Civil Procedure 3 provides "[a] civil action is commenced by filing a complaint with the court." The determination as to whether there is diversity of citizenship is the commencement of the civil action – first in state court at the time of filing this action and second in this Court at the time of filing the notice of removal – not the initiation of the arbitration proceeding. *See Rowland v. Patterson*, 882 F.2d 97 (4th

4

Cir. 1989) (en banc) (holding that diversity was determined by parties' citizenship at time federal diversity action was commenced rather than time arbitration claim was filed).

Movants have not submitted, and this Court has not found, any case law or other authority supporting their position that the citizenship of the parties in a civil action should be determined at the time a private arbitration proceeding is initiated as opposed to when a civil action related to the arbitration proceeding is filed in a court of law. For purposes of a civil action, this Court finds that the legal and logical commencement of the civil action is the filing of a pleading in a court of law – not the time of filing of a pre-litigation claim whether it be an arbitration proceeding, an insurance claim, or a grievance proceeding.

Further, movants argue that this action should be remanded because the evidence fails to establish that Denny was a citizen of Florida at the time of the filing in state court and in this Court. "Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). In support of removal, respondents filed Denny's affidavit declaring that he retired from Cenveo in December 2013; relocated to Florida in January 2014 to a home he had previously purchased; sold his home in Missouri; notified his creditors, service providers, friends, and family of his change of residence to his Florida home; obtained a Florida driver's license and surrendered his Missouri driver's license; purchased automobile insurance consistent with Florida's requirements; registered to vote in Florida; has bank accounts in Florida; joined a local golf club in Florida; and since moving to Florida has maintained an intent to be and remain a Florida

citizen. The information in Denny's affidavit is more than sufficient to establish his Florida citizenship at the relevant times for purposes of diversity jurisdiction.

Movants offer evidence that they suggest is contrary to Denny's affidavit and creates doubt as to his citizenship. First, they offer an undated page from a deposition in which Denny answered "no" when asked if he was retiring at the end of the year. In response, respondents offer another page from Denny's deposition in which he testified that he had purchased a home in Florida and would like to retire to that home soon if he could. Second, movants offer affidavit testimony that the affiant was told by a Cenveo employee that in February 2014 Denny was presented with a cake by Cenveo employees and was still on Cenveo's payroll. Movants also offer an e-mail exchange between counsel for the parties on this issue. In the e-mail exchange, movants' counsel contends that Denny's attendance at a going away party at Cenveo in February 2014 and the fact that he was still on Cenveo payroll at that time indicates he "was not absent from the state without an intent to return and/or remains a Missouri citizen." Respondents' counsel replied that Denny has completely retired from Cenveo, sold his Missouri home, and physically moved to Florida where he intends to remain, which all occurred in stages before movants filed the motion to modify or vacate. Respondents' counsel also states that Denny is no longer a Missouri resident and his presence at the Eureka, Missouri facility in February and severance arrangements are irrelevant.

Respondents argue that movants' affidavit is inadmissible hearsay and should not be considered. Movants contend that the statements made to the affiant by a Cenveo employee fall under the hearsay exception for admissions against interest. It is not

6

necessary, however, to make a determination as to the hearsay issue.  Even considering the affidavit testimony that Denny was at Cenveo in Missouri in February 2014 receiving a cake and was still on the Cenveo payroll, movants' evidence does not create a doubt with regard to Denny's Florida citizenship at the time the state court action was filed in April 2014 or when the notice of removal was filed in this Court in May 2014.  Finally, movants suggestion that Denny's retirement and relocation is part of a conspiracy by Cenveo and Denny to create diversity jurisdiction is without merit.  Movants only weakly raise the issue and do not offer any factual support for their theory.

Based on the foregoing, this Court finds that at the time of the filing of the motion to modify or vacate in state court, and at the time of the filing of the notice of removal in this Court, Denny was a Florida citizen.  Therefore, there was complete diversity among the parties at the time of the filing of the civil action in state court and the removal in this Court and jurisdiction is proper in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that movants' motion to remand (ECF #19) is **DENIED**.

Dated 19th this day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE