UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INFINITY FULFILLMENT GROUP, LLC, <br> GFA DECORATIVE TRADE SERVICES, INC., <br> and STEPHEN C. HANNIGAN, <br> <br> Movants, <br> <br> v. <br> <br> CENVEO CORPORATION and <br> MICHAEL R. DENNY, <br> <br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:14CV966 SNLJ <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on respondents' memorandum in opposition to movants' motion to modify or vacate arbitration award and cross-motion for an order confirming the award. Respondents[1] seek denial of the motion for failure to timely file and serve the motion as required by the Federal Arbitration Act, 9 U.S.C. § 2, and request an order confirming the award. The matter has been fully briefed and is ripe for disposition. For the following reasons, the Court will deny the motion to modify or vacate the arbitration award and grant the motion to confirm the award.

**I.     Background**

Movant Infinity Fulfillment Group, LLC (IFG) is a limited liability company whose sole member is GFA Decorative Trade Services, Inc., a Missouri corporation with

---

[1] Although respondent Denny has not been served and there has been no waiver of service or entry of appearance filed on his behalf, the pleadings filed by respondent Cenveo's counsel refer to "respondents" and appear to be filed on behalf of Cenveo and Denny.

its principal place of business in Missouri.  Movant Stephen Hannigan, President of GFA, is a Missouri resident.  Respondent Cenveo Corporation is a Delaware corporation with its principal place of business in Connecticut.  Respondent Michael Denny, who was the General Manager of Cenveo's Eureka, Missouri facility, was domiciled in Missouri during the arbitration proceedings but at the time this action was filed he was domiciled in Florida.  Denny retired and moved to Florida in January 2014.

On December 30, 2010, Cenveo and IFG executed three interdependent agreements including an Asset Purchase Agreement, Supply Agreement, and Sublease Agreement (the Agreements).  Cenveo is a printing and bindery company.  IFG is a paper bindery company, whose only customer was Cenveo.  Pursuant to the Agreements, IFG purchased bindery equipment from Cenveo, IFG subleased the bindery area space at Cenveo's Eureka, Missouri facility, and Cenveo was to order a minimum quantity of bindery services from IFG.  The Agreements contained mandatory arbitration clauses governing disputes between the parties.

On August 31, 2012, Cenveo initiated arbitration proceedings against movants regarding a contract dispute under the Agreements.  Cenveo claimed a breach of contract under the Supply and Sublease Agreements.  IFG and GFA counterclaimed for breach of contract and rescission on the Agreements.  The arbitration hearing was held over a period of seven days before an American Arbitration Association panel.  On January 6, 2014, the panel issued their Award of Arbitrators in favor of Cenveo for a net sum of $422,030 from IFG and $104,162 from GFA.  The Award was e-mailed to the parties the same day.  On April 7, 2014, movants filed their motion to modify or, in the alternative,

vacate the arbitration award pursuant to section 435.425 RSMo in the Circuit Court of St. Louis County. Cenveo was served with the motion on May 13, 2014. Following service of the motion, Cenveo timely filed its notice of removal in this Court on May 23, 2014, based on diversity jurisdiction. On the same date, respondents filed their memorandum in opposition to the motion to modify or vacate arbitration award and cross-motion for an order confirming the award.

## II. Motion to Strike

As a preliminary matter, the Court will address movants' motion to strike or, in the alternative, notice of objection to respondents' reply memorandum. Movants argue that, as part of the reply memorandum, respondents have filed an affidavit and exhibits that offer evidence beyond the scope of the prior briefing in an attempt to expand their allegations and evidence after the time for doing so has expired.

"District courts enjoy broad discretion in enforcing their rules, but 'striking a party's pleadings is an extreme measure and . . . [m]otions to strike . . . are viewed with disfavor and are infrequently granted.'" *Anzaldua v. Northeast Ambulance and Fire Protection Dist.*, 4:13CV1257 ERW, 2014 WL 466228, at *3 (E.D. Mo. Feb. 5, 2014) (citing and quoting *Stanbury Law Firm, P.S. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "A 'court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter.'" *Id.* (quoting Fed.R.Civ.P. 12(f)). "As is apparent from the language of Rule 12(f), a motion to strike may only be directed to material contained in a 'pleading.'" *Id.* (citing Rule 12(f)); see also *Coleman v. City of Pagedale*, 2008 WL 161897 at *4 (E.D. Mo. Jan. 15, 2008). "Pleadings are defined as:

3

1) a complaint; 2) an answer to a complaint; 3) an answer to a counterclaim designated as a counterclaim; 4) an answer to a cross claim; 5) a third-party complaint; 6) an answer to a third-party complaint; and 7) if the court orders one, a reply to an answer." *Id.* (citing Fed.R.Civ.P. 7(a)).

"Motions, briefs, memoranda, objections, or affidavits may not be the subject of a motion to strike." *Coleman v. City of Pagedale*, 4:06CV1376 ERW, 2008 WL 161897, at *4 (E.D. Mo. Jan. 15, 2008) (citing *Williams ex rel. McIntosh v. City of Beverly Hills, Mo*, 4:07CV661 CAS, 2007 WL 2792490, at *2 (E.D. Mo. Sept. 24, 2007) ("motion to remand is not a pleading, and therefore may not be subject to a motion to strike")); see also *Anzaldua*, at *4 ("neither a memorandum nor an affidavit is a 'pleading'"); 2 James W. Moore, et al., Moore's Federal Practice § 12.37[2]. Because the motion is not directed to a pleading, the Court will not consider it as a motion to strike. *Stockdale v. Stockdale*, 4:08CV1773 CAS, 2010 WL 1329593, at *1 (E.D. Mo. Apr. 6, 2010).

In the alternative, movants object to respondents' supporting documentation appended to their reply memorandum and ask this Court to disregard the evidence. Movants argue that they have been deprived of an opportunity to respond but did not seek leave to file a sur-reply to address any new facts or evidence offered with the reply memorandum. The reply memorandum and supporting documentation was a direct response to movants' briefing on the issues. Movants have not cited any relevant authority that would preclude the supporting documentation or require the Court to disregard it. The Court will deny the objection.

## III. Discussion

Movants filed their motion to modify or vacate the arbitration award pursuant to the Missouri Arbitration Act, section 435.425 RSMo. Movants argue that the Court is required to apply Missouri rather than federal law and that under the Missouri Act, the motion was timely filed. Respondents contend the motion is governed by the Federal Arbitration Act and that movants did not timely challenge the award because they failed to serve respondents with notice of their motion within three months after the award was mailed. As a result, respondents argue that under the Federal Arbitration Act the motion must be denied and the award must be confirmed.

The Court must decide whether the provisions of the Federal Arbitration Act or the Missouri Arbitration Act apply in this case. "The Federal Arbitration Act is a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235, 1237 (8th Cir. 1983) (internal quotation marks and citations omitted). "This substantive law controls in either state or federal court." *Id.* (citations omitted). The Missouri Supreme Court recognizes the principle that when the Federal Arbitration Act applies to a dispute, it "is obliged to apply federal law, and may not apply state law, substantive or procedural, [that] is in derogation of federal law." *Id.* (quoting *Bunge Corp. v. Perryville Feed & Produce, Inc.*, 685 S.W.2d 837, 839–40 (Mo. banc 1985).

The Federal Arbitration Act provides, in relevant part, as follows:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or

5

any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "The statute further defines 'commerce' to include 'commerce among the several States.'" *Hendrik Delivery Service, Inc. v. St. Louis Post-Dispatch LLC*, 4:07CV1516 JCH, 2007 WL 3071827, at *3 (E.D. Mo. Oct. 19, 2007) (citing 9 U.S .C. § 1). The Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). Thus, "it is perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce'—that is, 'within the flow of interstate commerce.'" *Id.* (quoting *Allied–Bruce Terminix Cos. v. Dodson*, 513 U.S. 265, 273 (1995)). "Transactions involving the interstate transfer of money and diverse parties have been found to involve commerce as required by the FAA." *Mitchell v. Career Education Corp.*, 4:11CV1581 TCM, 2011 WL 6009658, at *2 (E.D. Mo. Dec. 1, 2011) (citing *Barker v. Golf U.S.A.*, 154 F.3d 788, 790–91 (8th Cir. 1998); *Hendrik Delivery Serv., Inc. v. St. Louis Post–Dispatch LLC*, No. 4:07CV1516 JCH, 2007 WL 3071827, *3 (E.D.Mo.2007) (finding that agreement between parties of different states involving newspaper delivered in two states and deriving revenue from non-Missouri sources was governed by the FAA and not Missouri Arbitration Act); *Kagan v. Master Home Products, Ltd.*, 193 S.W.3d 401, 405 (Mo.App. E.D. 2006) (finding that agreement between Illinois corporation and Missouri resident

and involving national marketing and sales affected commerce and was governed by FAA and not the Missouri Uniform Arbitration Act)).

Movants argue that under the Agreements there was local performance of a service in Missouri without affecting interstate commerce. Movants maintain that IFG "always, and only, delivered finished print materials to respondent Cenveo at the Eureka facility." Movants claim that IFG's personnel, equipment, and labor were all internal to the Eureka facility. Further, movants contend that "IFG did not engage in multi-state business activities with inter-state assets, travel or shipping."

Movants view the issue too narrowly by focusing only on IFG and ignoring facts related to Cenveo and whether the Agreements involve or affect commerce. When viewed in the proper perspective, the facts show that the Agreements are between contracting parties that are residents of different states, Cenveo distributes the materials that IFG has a part in assembling in states other than Missouri, and Cenveo relies on substantial amounts of paper and other raw materials from outside Missouri for the production of those materials.

The proper analysis in this case can be found in this Court's decision in *Hendrik Delivery Service, Inc. v. St. Louis Post-Dispatch LLC* in which the Court concluded, based on comparable facts, that the provisions of the Federal Arbitration Act governed. *See Hendrik Delivery Service, Inc. v. St. Louis Post-Dispatch LLC*, 4:07CV1516 JCH, 2007 WL 3071827 (E.D. Mo. Oct. 19, 2007). In *Hendrik*, a dispute arose out of an agreement between Hendrik and the Post-Dispatch under which Hendrik was compensated for the delivery of Post-Dispatch newspapers within two designated

delivery routes in Missouri. *Hendrik*, 2007 WL 3071827, at *1. The parties submitted the matter to arbitration. *Id.* at *2. Following arbitration, the matter came before this Court on a motion to confirm the arbitration award and a motion to vacate a portion of the award. *Id.*

As an initial matter, in *Hendrik*, the Court determined the provisions of the Federal Arbitration Act, and not the Missouri Arbitration Act, applied. *Id.* at *3. In making the determination that the Agreement between Hendrik and the Post-Dispatch involved commerce, the Court relied on a number of facts comparable to the matter before the Court in this case. First, the Agreement was between contracting parties that were residents of different states – Hendrik as a Missouri company and the Post-Dispatch as a non-Missouri company comprised of other non-Missouri companies. *Id.* Second, the Post-Dispatch is distributed outside of Missouri. *Id.* Finally, the Post-Dispatch utilized substantial amounts of paper and other raw materials shipped into Missouri from other States. *Id.*

This matter involves similarities to the key points in *Hendrik*. The Agreements here are between contracting parties that are residents of different states, both the Post-Dispatch and Cenveo distribute their materials in states other than Missouri, and both the Post-Dispatch and Cenveo rely on substantial amounts of paper and other raw materials that are shipped into Missouri from other states. Consistent with *Hendrik*, this Court finds that the Agreements in this matter involve interstate commerce.

In further support of their position, movants argue that the Agreements do not permit application of the Federal Arbitration Act because the Agreements contain choice

8

of law provisions dictating the application of Missouri law to all issues related to the Agreements. Respondents argue the Agreements merely contain a general choice-of-law clause that does not preclude application of the Federal Arbitration Act. In fact, each Agreement contains a choice-of-law clause but it is separate from the arbitration clause contained in each Agreement.

"Most contracts include a choice-of-law clause, and, thus if each of these clauses were read to foreclose the application of the substantive law enacted by Congress in the FAA, the FAA would be applicable in very few cases." *Decker v. Bookstaver*, 4:09CV1361 CEJ, 2010 WL 2132284, at *3 (E.D. Mo. May 26, 2010). "Such an interpretation of the FAA is simply not viable, as it would effectively emaciate the Act itself." *Id.* (citing *Ferro Corp. v. Garrison Indus., Inc.,* 142 F.3d 926, 938 (6th Cir. 1998). "Before interpreting a 'general state choice-of-law clause in a contract that also includes an arbitration provision' as precluding the application of the FAA, the Court must find that 'the parties' intent that the agreement be so construed is abundantly clear.'" *Id.* (quoting *UHC Management, Co. v. Computer Sciences Corp.*, 148 F.3d 992, 996-97 (8th Cir. 1998)).

The Court concludes that the Agreements do not manifest a clear intention to foreclose application of the Federal Arbitration Act. The arbitration clause, which is separate from the choice-of-law provision, dictates the application of the rules of the American Arbitration Association rather than the Missouri Uniform Arbitration Act. *See UHC*, 148 F.3d at 997 (noting failure to cite state arbitration law in determining that the agreement did not show intent to preclude application of the FAA). The Agreements'

9

general choice-of-law provision states the agreement will be governed by the laws of Missouri but makes no specific reference to Missouri's Arbitration Act or Missouri arbitration case law on the matters, which does not disclose an abundantly clear intent by the parties to proceed under Missouri's arbitration provisions rather than the Federal Arbitration Act. *See id.*

This Court finds that the Federal Arbitration Act governs. Accordingly, under section 12 of the Federal Arbitration Act, movants were required to give notice to respondents of their motion to modify or vacate the arbitration award within three months after the award was delivered to the parties by e-mail. *Sanders-Midwest*, 857 F.2d at 1237 (citing 9 U.S.C. § 12). "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "[T]he Federal Act has made section 12 service of notice a precondition to judicial review of the Award." *Id.* (citing 9 U.S.C. §10, 12). "A party to an arbitration award who fails to comply with the statutory precondition of timely service of notice forfeits the right to judicial review of the award." *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600 (8th Cir. 1981) (affirming district court's order dismissing motion to vacate arbitration award as untimely filed because the motion was not served within three months of the award). Under the federal law principles governing this action, movants failed to comply with 9 U.S.C. §2 and their motion will be denied.

Movants suggest that an exception to strict conformance with service requirements under the Federal Arbitration Act is warranted because of its reasonable belief that no interstate commerce was involved and that the Missouri Act applied which would only require filing within ninety days and, further, alleges reasonable due diligence of service. "The Federal Arbitration Act does not provide for any statutory exceptions to the three-month service requirement." *McClelland v. Azrilyan*, 31 F.Supp.2d 707, 710 (W.D. Mo. 1998). "Furthermore, the Eighth Circuit Court of Appeals has questioned the existence of a 'due diligence' exception excusing a party for failing to make a timely motion to vacate an arbitration award." *Id.* (citing *Piccolo*, 641 F.2d at 601 (discussing *Holodnak v. Avco Corp.*, 381 F.Supp. 191 (D. Conn. 1974), *rev'd in part on other grounds*, 514 F.2d 285 (2d Cir. 1975))). Even if there existed a "due diligence" exception, the circumstances here do not warrant application of any such exception. Movants have failed to show the existence of any extraordinary circumstances that prevented them from timely serving the respondents[2] or otherwise warrant an exception to the service requirement. Instead, it appears that movants' counsel simply overlooked or disregarded the Federal Arbitration Act's application to this case and its mandatory service requirement.

Finally, respondents filed a motion requesting an order confirming the arbitration award. Under section 9 of the Federal Arbitration Act, if a motion for an order

---

[2] It is not necessary to address any issue that might be raised as to respondent Denny's alleged unknown move to Florida, as there is nothing that prevented movants from timely serving Cenveo's registered agent, which is information that is publicly available on the Missouri Secretary of State's website.

confirming an arbitration award is filed within one year after the award is made, "the court must grant such an order unless the award is vacated, modified, or corrected" in accordance with the Federal Arbitration Act. 9 U.S.C. § 9; *UHC Management Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992, 997 (8th Cir. 1998); *McClelland v. Azrilyan*, 31 F.Supp.2d 707, 713 (W.D. Mo. 1998). "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if the award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *McClelland*, 31 F.Supp. at 713 (quoting *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)). "Congress did not authorize *de novo* review of such an award on its merits; it commanded that when the exceptions do not apply, a federal court has no choice but to confirm." *UHC Management Co., Inc.*, 148 F.3d at 997. The Court will, therefore, grant respondents' motion and confirm the arbitration award.

Accordingly,

**IT IS HEREBY ORDERED** that movants' motion to strike and notice of objection to respondents' reply memorandum (ECF #35) is **DENIED**.

**IT IS FURTHER ORDERED** that movants' motion to modify or, in the alternative, vacate arbitration award (ECF #12) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to confirm the arbitration award (ECF #10) is **GRANTED**. The Court hereby confirms the arbitration panel's award.

**IT IS FINALLY ORDERED** that judgment shall be entered in accordance with the Award of Arbitrators, dated January 6, 2014. A separate Judgment will accompany this Memorandum and Order.

Dated this 19th day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE